IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY LINK and THOMAS LINK                                                                          PLAINTIFFS

v.                                          Case No. 4:24-cv-4063

ARKANSAS DEPARTMENT OF
HUMAN SERVICES, *et al.*                                                                          DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 25. Judge Bryant recommends that Defendant's Motion to Dismiss (ECF No. 17) be granted. Plaintiffs have responded with objections. ECF Nos. 26, 28. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Plaintiffs, representing themselves in this matter, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs make claims against the Arkansas Department of Human Services ("DHS") and three DHS employees, Jonathan Scott, Alexis Lampkins, and Peter Ferrara, individually and in their official capacities. The basis of this lawsuit stems from the removal of Plaintiff's three children from their home by DHS and the state court's adjudication of the children dependent-neglected. Plaintiffs' children were removed from their home pursuant to an order of the Circuit Court of Miller County, Arkansas. Plaintiffs separately appealed the removal order to the Arkansas Court of Appeals, which affirmed the order finding the children dependent-neglected. *See Link v. Dep't of Human Servs.*, 680 S.W.3d 724 (Ark. App. 2023).

In the instant case, Plaintiffs allege there was no evidence the children had been neglected or abused; that there were more reasonable and less intrusive means to secure the children's safety without removing the children from the home; and that Defendants "continue to hold jurisdiction over the children," depriving the family of a familial relationship without just cause. ECF No. 3. The complaint expressly seeks to overturn the state trial court's decision and the Arkansas Court of Appeals' affirmance of that decision.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III. DISCUSSION

Judge Bryant recommends that Defendant's Motion to Dismiss (ECF No. 17) be granted because the Court lacks subject-matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, except for habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state court proceedings. *See Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Id.* at 931 (quoting *Exxon v. Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). "The *Rooker-Feldman* doctrine bars both straightforward and indirect attempts by a plaintiff to undermine state court decisions." *Prince v. Ark. Bd. of Exam'rs in Psychology*, 380 F.3d 337, 340 (8th Cir. 2004) (internal quotation omitted).

This is exactly the situation we have in the instant case. Plaintiffs are the losing parties in state court proceedings involving the removal of their children from their home and the state court's adjudication of the children dependent-neglected. The relief Plaintiff seeks would as a practical matter undermine the state court's order. In their objections, Plaintiffs assert that their claims are based on "constitutional violations that are separate and distinct from the state court judgment." ECF No. 26, p. 2. However, Plaintiff's attempt to recast their state court loss as deprivations of constitutional rights does not overcome the *Rooker-Feldman* doctrine. *See Prince*, 380 F.3d at 340 (explaining that once a party has litigated in state court, he cannot circumvent *Rooker-Feldman* by recasting his lawsuit as a § 1983 action). Plaintiffs' alleged injuries arise from, and are inseparable from, the outcome of the state court proceedings. Thus, the Court agrees with Judge Bryant's determination that Defendants' Motion to Dismiss should

be granted because the Court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine.

## IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation (ECF No. 25), and for the reasons discussed above, the Court finds that Plaintiffs have offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 26) and adopts the Report and Recommendation (ECF No. 25) *in toto*. Accordingly, Defendants' Motion to Dismiss (ECF No. 17) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.[1]

**IT IS SO ORDERED**, this 27th day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] In their objections, Plaintiffs request leave to amend their complaint to "omit any statements that could be construed as an invitation to review or reject the state court judgment." ECF No. 26, p. 3. The Court finds that the proposed amendments to the complaint (ECF No. 28) would be futile because they do not cure the pleading and legal deficiencies discussed in this motion. The clams in the amended complaint would be subject to dismissal under the *Rooker-Feldman* doctrine because Plaintiffs injuries arise from, and are inseparable from, the outcome of the state court proceedings. Accordingly, Plaintiffs' request for leave to amend their complaint is **DENIED**.